UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Williams, ) | Civil Action No.: 4:17-cv-03396-RBH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| American International Group, Inc. and ) | |
| American Home Assurance Company, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends granting a motion to dismiss for lack of personal jurisdiction filed by one of the two defendants in this case.[1]

**Standard of Review**

**I.     Review of the R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II. Personal Jurisdiction; Rule 12(b)(2)

"[P]ersonal jurisdiction involves [a] court's authority over a particular defendant." *Sky Cable, LLC v. DIRECTV, Inc.*, 886 F.3d 375, 392 (4th Cir. 2018) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014)). "In general, the federal district courts exercise personal jurisdiction in the manner and to the extent provided by state law. In other words, a district court has personal jurisdiction over a defendant if the state courts where the federal court is located would possess such jurisdiction." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002) (internal citation omitted).

A party may assert the defense of lack of personal jurisdiction by motion. Fed. R. Civ. P. 12(b)(2). "Under Rule 12(b)(2), a defendant must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016).

## **Discussion**[2]

Plaintiff Randy Williams, proceeding pro se, filed this diversity action in this Court and sues two defendants: American International Group, Inc. ("AIG") and American Home Assurance Company

---

[2] The R & R thoroughly describes the factual and procedural background of this case.

2

("American Home"). Defendant AIG has filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), *see* ECF No. 71, and the Magistrate Judge recommends granting the motion.[3] *See* R & R [ECF No. 108]. Plaintiff has filed objections to the R & R asserting, among other things, that the Court should not decide the motion without permitting him "a reasonable opportunity to conduct discovery on the issue of personal jurisdiction."[4] ECF No. 111 at pp. 7–8.

"As with many pretrial motions, a court has broad discretion to determine the procedure that it will follow in resolving a Rule 12(b)(2) motion." *Grayson*, 816 F.3d at 268. "The plaintiff's burden in establishing jurisdiction varies according to the posture of a case and the evidence that has been presented to the court." *Id.* The Fourth Circuit has explained:

> If a district court looks only at the initial court filings, "a plaintiff need only make a prima facie showing" that personal jurisdiction exists.[5] *Id.* at 268. **That approach is disfavored, and the "better course is for the district court to follow a procedure that allows it to dispose of the motion as a preliminary matter" applying a preponderance of the evidence standard.** *Id.* An evidentiary hearing is not required before the preponderance standard attaches, but we do require district courts to "afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments," *id.*, using "procedures that provide the parties with a fair opportunity to present to the court the relevant facts," *id.* at 269.

*SEC v. Receiver for Rex Ventures Grp., LLC*, 730 F. App'x 133, 136 (4th Cir. 2018) (emphasis added).

---

[3] Counsel for Defendant AIG also represents Defendant American Home, which he concedes "is admittedly generally subject to suit in South Carolina." ECF No. 71 at p. 8.

[4] Plaintiff has also filed numerous supplements to his objections. *See, e.g.*, ECF Nos. 113, 115, 116, 118. Defendants have filed a motion to strike these filings. *See* ECF No. 117. Plaintiff also asks this Court "to remand this case to" state court, but as indicated above, remand is not possible because Plaintiff filed this action in this federal Court (not in state court).

[5] "When determining whether a plaintiff has made the requisite prima facie showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff." *Grayson*, 816 F.3d at 268.

Both Defendant AIG and the Magistrate Judge applied the "prima facie showing" standard when discussing the issue of personal jurisdiction. *See* ECF No. 71 at p. 3; R & R at pp. 2–3. However, having reviewed the record (including the R & R, the motion to dismiss, and the parties' other submissions), the Court concludes the "better course" is to allow the parties to engage in limited jurisdictional discovery regarding whether personal jurisdiction exists over Defendant AIG. *SEC*, 730 F. App'x at 136; *see, e.g.*, *Rosen v. Halperns' Steak and Seafood Co.*, No. 4:18-cv-00857-RBH, 2019 WL 109327, at *5–6 (D.S.C. Jan. 4, 2019) (similarly allowing limited jurisdictional discovery). Accordingly, the Court will deny Defendant AIG's motion without prejudice to refiling and allow the parties to engage in *limited* jurisdictional discovery for a period of forty-five (45) days. At the expiration of this time period, the parties may submit any additional information bearing on whether this Court has personal jurisdiction over Defendant AIG (which may renew its motion if necessary).[6]

## Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the R & R [ECF No. 108], **DENIES** Defendant AIG's motion to dismiss [ECF No. 71] *without prejudice to refiling*, and **AUTHORIZES** the parties to engage in limited jurisdictional discovery for a period of forty-five (45) days from the date of this Order. The parties will have until March 4, 2019, to submit any additional information (including any renewed motion by Defendant AIG) bearing on whether this Court has

---

[6] If Defendant AIG renews its motion, the Magistrate Judge should prepare another R & R taking into account any new information submitted by the parties. The Court again notes "an 'evidentiary hearing' does not automatically involve or require live testimony," but instead "requires only that the district court afford the parties a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments." *Grayson*, 816 F.3d at 268; *see SEC*, 730 F. App'x at 136 (recognizing "[a]n evidentiary hearing is not required before the preponderance standard attaches"). Also, as indicated above, the preponderance of the evidence standard will apply following conclusion of the jurisdictional discovery. *Id.*

personal jurisdiction over Defendant AIG.[7]

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
January 16, 2019  R. Bryan Harwell
United States District Judge

---

[7] In light of the Court's disposition of this matter, Defendants' motion to strike [ECF No. 117] is **MOOT.**