

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RANDY WILLIAMS, § § Plaintiff, § § vs. § AMERICAN INTERNATIONAL GROUP, § INC., and AMERICAN HOME ASSURANCE § COMPANY, § § Defendants. § | CIVIL ACTION NO. 4:17-3396-MGL-KDW |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND ADJUDICATING THE PARTIES' MOTIONS AS PROVIDED HEREIN**

Plaintiff Randy Williams (Williams) is a self represented litigant. He brought this diversity action against Defendants American International Group, Inc., (AIG) and American Home Assurance Company (AHA) (collectively, Defendants) complaining of breach of contract, defamation, and bad-faith failure to pay workers' compensation claims.

The matter is before the Court for review of the Report and Recommendation of the United States Magistrate Judge suggesting: (1) AIG's motion to dismiss for lack of personal jurisdiction, Williams's motion for summary judgment, and his motion to sue insurance adjuster be denied, (2) Defendants' motion to dismiss for lack of subject matter jurisdiction and/or summary judgment be (a) granted without prejudice as to Williams's bad faith claims based on lack of jurisdiction, and (b) granted with prejudice as to his defamation claim, (3) this case be dismissed, and (4) Williams's

motion for declaratory judgment be deemed moot. The Magistrate Judge prepared the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 6, 2019. In the Report, regarding Williams's breach of contract claim, the Magistrate Judge suggests Williams "is not a party to the contract referenced in the complaint. Instead, [Williams's] arguments about Defendants' breaches concern Defendants' failure to fulfill the terms of Plaintiff's workers compensation judgment." Report 5 n.3.

As to Williams's defamation claim, the Magistrate Judge recommends it is time barred. And, concerning his bad-faith failure to pay workers' compensation claims, she notes that, "in *Cook v. Mack's Transfer & Storage*, 352 S.E.2d 296 (S.C. Ct. App. 1986), the South Carolina Court of Appeals held that a worker's suit for bad faith refusal to pay benefits is exclusively within the jurisdiction of the Commission." Report 6.

Williams has filed a host of papers since the Magistrate Judge filed the Report, including the following:

    August 6, 2019      motion to stay

    August 9, 2019      reply to Defendants' answers to his complaint

| | |
|---|---|
| August 9, 2019 | response in opposition to Defendants' motion to stay and supplemental response in opposition to Defendants' motions to dismiss |
| August 13, 2019 | response in opposition to Defendants' motion to stay |
| August 13, 2019 | supplemental response in opposition to Defendants' motions to dismiss |
| August 13, 2019 | supplemental response to AIG's motion regarding request for judicial notice |
| August 15, 2019 | objections |
| August 20, 2019 | supplemental objections |
| August 21, 2019 | motion to compel Defendants to provide copies of depositions |
| August 27, 2019 | motion for spoliation of evidence |
| September 4, 2019 | motion not to dismiss the case |
| September 18, 2019 | supplemental objections |
| September 23, 2019 | supplemental objections |
| October 11, 2019 | supplemental objections |

Having carefully reviewed Williams's objections, his supplemental objections, and all of his other submissions filed after the Magistrate Judge filed her Report, the Court holds them all to be either moot or without merit. It will therefore enter judgment accordingly.

In Williams's objections and supplemental objections, he makes one conclusory allegation, argument, and/or assertion after another, some repeatedly. Yet, he not once raises any specific objection to the Report. But, Fed. R. Civ. P. 72(b)(2) requires the party "file specific written

objections to the proposed findings and recommendations." Thus, the Court will overrule Williams's objections.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Williams's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court (1) AIG's motion to dismiss for lack of personal jurisdiction, Williams's motion for summary judgment, and his motion to sue insurance adjuster are **DENIED,** (2) Defendants' motion to dismiss for lack of subject matter jurisdiction and/or summary judgment is (a) **GRANTED WITHOUT PREJUDICE** as to Williams's bad faith claims based on lack of jurisdiction, and (b) **GRANTED WITH PREJUDICE** as to his defamation claim, (3) this case is **DISMISSED**, and (4) Williams's motion for declaratory judgment is **RENDERED MOOT**.

In light of this ruling, Williams's motions to stay, to compel, for spoilation of evidence, and not to dismiss the suit are also necessarily **RENDERED MOOT**.

**IT IS SO ORDERED**.

Signed this 22nd day of October, 2019, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.